FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2010 SEP -7 PM 12:05
CLERK R.Auk
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DANIEL ALTHONE GRIFFIN,

Petitioner,

v.

CIVIL ACTION NO.: CV510-033

CHRISTOPHER RAILEY, Deputy
Warden, and ATTORNEY GENERAL,
State of Georgia,

Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Daniel Althone Griffin ("Griffin"), an inmate currently incarcerated at the Emanuel County Probation Detention Center in Twin City, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a probation revocation proceeding in the Superior Court of Charlton County. Respondent filed an Answer-Response and a Motion to Dismiss. Griffin has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Griffin's probation was revoked via a proceeding in the Charlton County Superior Court on July 28, 2009. Griffin filed a petition for writ of habeas corpus in the Bacon County Superior Court on September 22, 2009. In that petition, Griffin asserted that his constitutional rights were violated in several ways during the probation revocation proceedings. The Bacon County Superior Court has not entered an order on Griffin's petition.

AO 72A
(Rev. 8/82)

In the instant petition, Griffin contends that he was not produced for his habeas hearing on December 16, 2009, and that this hearing was conducted without his presence. Griffin also contends, however, that the hearing was continued until February 2, 2010, and that Respondent's counsel did not produce any documents at this hearing.

Respondent asserts that Griffin's petition should be dismissed because he has failed to exhaust his available state remedies. In the alternative, Respondent asserts that alleged errors during state habeas corpus proceedings do not provide relief under section 2254.

## DISCUSSION AND CITATION OF AUTHORITY

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839-40, 847 (1999). Therefore, in order to exhaust state

AO 72A
(Rev. 8/82)

remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Pope v. Rich, 358 F. 3d 852, 854 (11th Cir. 2004) (citing Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003)). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) and (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

There is no evidence before the Court that Griffin exhausted his available administrative remedies prior to filing this section 2254 petition. The Bacon County

Superior Court conducted an evidentiary hearing on Griffin's state habeas corpus petition on February 2, 2010, and, as of the date Respondent filed his Response, the Bacon County Superior Court had yet to enter an order on that petition. Moreover, Griffin filed a premature application for certificate of probable cause to appeal with the Georgia Supreme Court on February 19, 2010, and the Georgia Supreme Court allowed Griffin to withdraw his application on April 20, 2010. (Doc. No. 7-3). Griffin filed this § 2254 petition on March 31, 2010.

In the alternative, Griffin's petition should be dismissed because he only sets forth errors allegedly occurring during the state court proceedings, and these enumerations of error do not provide relief pursuant to section 2254. Carroll v. Sec'y, Dep't of Corr., 574 F.3d 1354, 1365 (11th Cir. 2009) (noting that the Eleventh Circuit Court of Appeals "has repeatedly held defects in state collateral proceedings do not provide a basis for [section 2254] relief[,]" if such errors do not "undermine the validity of [a] petitioner's conviction" and are "unrelated to the cause of [a] petitioner's detention.").

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and Griffin's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED** without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 7th day of September, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE