# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| DANIEL ALTHONE GRIFFIN, | * |
| | * |
| Petitioner, | * |
| | * CV 510-033 |
| v. | * |
| | * |
| CHRISTOPHER RAILEY, Deputy | * |
| Warden, and ATTORNEY GENERAL, | * |
| State of Georgia, | * |
| | * |
| Respondents. | * |

## ORDER

After an independent and de novo review, the undersigned adopts Magistrate Judge James E. Graham's Report and Recommendations, to which Petitioner Daniel Althone Griffin has filed Objections. Defendant's Motion to Dismiss is hereby **GRANTED**.

On July 28, 2009, Petitioner's probation was revoked at the conclusion of a proceeding held before the Superior Court of Carlton County. Petitioner filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 in state court, challenging the revocation of his probation. While the precise nature of Petitioner's claims is unclear from his filings, Petitioner appears to argue that his constitutional rights were violated

during his state habeas corpus proceeding when (1) he was not produced for a hearing that took place on December 16, 2009, and (2) Respondents' counsel failed to produce documents at a hearing on February 2, 2010.

The Magistrate Judge recommended that the Court grant Respondents' motion to dismiss on two grounds. First, the Magistrate Judge found that Petitioner had failed to exhaust his remedies in state court before filing this federal petition, as required by 28 U.S.C. § 2254(b)(1). Second, the Magistrate Judge concluded that Petitioner failed to state a claim under § 2254 because he only alleged procedural errors that occurred during collateral state court proceedings and were unrelated to his underlying offense.

In his objection to the Magistrate Judge's Report and Recommendation, Petitioner attempts to argue that he has, in fact, exhausted his state law remedies. Even assuming that Petitioner is correct as to the exhaustion requirement, Petitioner does not show that his claim is based on anything other than errors unrelated to his underlying offense that allegedly took place during the state habeas proceedings. Petitioner thus fails to state a claim, regardless of the exhaustion issue. See Carrol v. Sec'y, Dep't of Corr., 574 F.3d 1354, 1365 (11th Cir. 2009)("This Court has repeatedly held defects in state collateral proceedings do not provide a basis

for habeas relief . . . a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment . . . and thus habeas relief is not an appropriate remedy."); see also Quince v. Crosby, 360 F.3d 1259 (11th Cir. 2004)("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief.").

As a result, the Magistrate Judge's Report and Recommendation is adopted. Respondents' motion to dismiss is **GRANTED**.

**SO ORDERED**, this 24th day of January, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA